# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:

GOLDEN GUERNSEY DAIRY, LLC,

                Debtor.

_____

CHARLES A. STANZIALE, JR, in his
capacity as Chapter 7 Trustee of Golden
Guernsey Dairy, LLC,

                Plaintiff,

v.

MILK072011, LLC, ANDREW NIKOU,
BRAD PARKS, and THE UNITED
STATES OF AMERICA through THE
INTERNAL REVENUE SERVICE,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Chapter 7

Case No. 13-10044 (KG)

_____

Adv. Pro. No. 14-50953 (KG)

## MOTION TO STAY ADVERSARY PROCEEDING PENDING DECISION ON MOTION TO WITHDRAW THE REFERENCE

MILK072011, LLC and Andrew Nikou ("Defendants[1]"), defendants in the above-captioned adversary proceeding ("Adversary Proceeding"), hereby move (the "Motion") for entry of an order staying the Adversary Proceeding pending the decision from the United States District Court for the District of Delaware ("District Court") on Defendants' motion to withdraw the reference of Counts One through Four of the Adversary Proceeding to the bankruptcy court.[2] In support of its Motion, the Defendants aver as follows:

---

[1] The term, "Defendants," as used herein shall refer only to MILK072011, LLC and Andrew Nikou.

[2] *Motion to Withdraw the Reference Filed by Defendants MILK072011, LLC and Andrew Nikou* (the "Withdrawal Motion"), filed contemporaneously with the instant Motion.

## JURISDICTION AND VENUE

1.     The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The basis for the relief requested herein is Federal Rule of Bankruptcy Procedure 5011(c).

## BACKGROUND

3.     On January 8, 2013 (the "Petition Date") Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").

4.     Plaintiff Charles A. Stanziale, Jr. ("Plaintiff" or "Chapter 7 Trustee") was appointed the chapter 7 trustee of the Debtor's bankruptcy estate on January 8, 2013, and continues to serve in that capacity.

5.     On or about November 4, 2014, the Chapter 7 Trustee initiated this Adversary Proceeding in the Bankruptcy Court against the Defendants, bringing claims for breach of fiduciary duty as a result of the Defendants purportedly causing the Debtor to violate Wis. Stat. §§ 109 *et seq.* (the "Wisconsin WARN Act") as well as the Defendants causing the Debtor to make a purportedly fraudulent transfer to the IRS.

6.     Specifically, Counts One Through Four of Plaintiff's Complaint are claims of breach of fiduciary duty against Defendants.  Counts Five through Eight are brought against the IRS, and the Defendants are not subject to those Counts.[3]

---

[3] Brad Parks is a named defendant to Counts One through Four.  He is not subject to counts Five through Eight.

201791197.2

7. Defendants subsequently filed their Withdrawal Motion, seeking an order from the District Court withdrawing the reference of Counts One through Four of the Adversary Proceeding to the Bankruptcy Court. Defendants also contemporaneously filed a motion in the Bankruptcy Court for a determination that the Adversary Proceeding is non-core with respect to the Counts lodged against Defendants in accordance with Rule 5011-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Del. Bankr. L.R.").[4]

8. Defendants have also filed a motion to dismiss the Adversary Proceeding with respect to Counts One through Four.[5]

9. Defendants now respectfully request that this Honorable Court stay the Adversary Proceeding pending a decision from the District Court on Defendants' Withdrawal Motion, which Defendants submit would benefit all parties as well as the Bankruptcy Court.

## BASIS FOR RELIEF

10. Federal Rule of Bankruptcy Procedure 5011(c) provides that the filing of a motion to withdraw the reference of a particular proceeding shall not stay such proceeding, "except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion."

11. Parties moving for a stay pending disposition of a motion to withdraw the reference must demonstrate "the likelihood of prevailing on the merits; i.e. that the pending motion will be granted; movant will suffer irreparable injury if the stay is denied; the other party

---

[4] *Motion for Determination as to Whether Claims in Adversary Proceeding are Core or Non-Core* (the "Core/Non-Core Motion"), filed contemporaneously with the instant Motion.

[5] *Motion to Dismiss Adversary Complaint with Respect to Defendants MILK072011, LLC and Andrew Nikou Pursuant to Fed. R Civ. P. 12(b)(1) and (6)* (the "Motion to Dismiss"), filed contemporaneously with the instant Motion.

3

will not be substantially harmed by the stay; and the public interest will be served by granting the stay." 9 Collier on Bankruptcy, ¶ 5011.03[2][b] (Matthew Bender 16th Ed. Rev.). It is not required that each of the foregoing factors be established; rather, courts should weigh each of the foregoing factors on balance to determine whether staying the proceedings is appropriate. *Hecny Transp. Ltd. V. Summit Global Logistics, Inc. (In re Summit Global Logistics, Inc.)*, 2008 Bankr. LEXIS 4039, *10 (Bankr. D.N.J. 2008) (balancing the factors).

## A. Likelihood of success on the merits

12. Defendants submit that they are likely to succeed on the merits of the Withdrawal Motion because the claims brought against them by the Chapter 7 Trustee are all clearly non-core claims, which is the most important factor in determining whether to withdraw the reference for "cause" under 28 U.S.C. § 157(d). *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 908 (D. Del. 1996).

13. A proceeding can only be considered core "[1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *In re USDigital, Inc.*, 461 B.R. 276, 285 (Bankr. D. Del. 2011) (quoting *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999)).

14. As explained more fully in the Core/Non-Core Motion, which is incorporated herein by reference, each of the Plaintiff's claims against Defendants are claims for breach of fiduciary duty, which arise entirely under Delaware state law. Claims for breach of fiduciary duty do not invoke any rights that are provided by the Bankruptcy Code, and they are routinely litigated in state court. Each of Plaintiff's Counts One through Four are therefore non-core claims under the two-part test enunciated in *Halper*.

4

15.     The remaining factors considered by courts in determining whether to withdraw the reference also either weigh in favor of withdrawing the reference or are inapplicable. Keeping the Adversary Proceeding in Bankruptcy Court will not promote the uniformity of bankruptcy administration because these claims have nothing to do with bankruptcy law. Withdrawing the reference will foster the economical use of the parties' resources because the parties will avoid duplicative efforts in Bankruptcy Court and District Court. Defendants have also unquestionably filed their Withdrawal Motion in a timely fashion as the Adversary Proceeding just began on November 4, 2014 and the Withdrawal Motion was filed within the time in which to answer the Complaint. Reducing forum shopping and expediting the bankruptcy process are non-factors—there is no basis to find that Defendants are forum shopping by seeking to have non-bankruptcy, state law claims heard outside of bankruptcy court, and the speed of the bankruptcy process will not be affected in a meaningful way if the Adversary Proceeding is heard in District Court as opposed to Bankruptcy Court.

**B.      Harm to Defendants if stay is not granted**

16.     The Defendants, and the Chapter 7 Trustee (and by extension, the estate) will suffer the same harm if the stay is not granted, which is that both sides may find themselves faced with duplicative costs as a result of having to litigate in both Bankruptcy Court and the District Court. If the District Court is likely to grant the Withdrawal Motion, as Defendants suggest, then it makes little sense for Defendants or the Chapter 7 Trustee to devote any further resources to the Adversary Proceeding until the District Court renders its ruling.

**C.      Harm to Plaintiff if stay is granted**

17.     Defendants submit that Plaintiff will not be harmed or prejudiced in any way by the Court staying the Adversary Proceeding pending a decision from the District Court on the Withdrawal Motion. The Adversary Proceeding is in its early stages—no discovery has

commenced, and no pre-trial scheduling has occurred. Thus, even if this Court enters a stay and the District Court ultimately denies the Defendants' Withdrawal Motion, the Adversary Proceeding can promptly resume in this Court without any harm done to either side. *See Miller v. Vigilant Ins. Co. (In re Eagle Enterprises)*, 259 B.R. 83, 88-89 (Bankr. E.D. Pa. 2001) (finding that a stay is appropriate given the likelihood that the District Court would withdraw the proceeding and given that the proceeding was relatively new). Furthermore, staying the Adversary Proceeding will not impede the Chapter 7 Trustee's ability to liquidate the bankruptcy estate. As noted above, because of the likelihood that Defendants will succeed on the merits of its Withdrawal Motion, it is likely that the Chapter 7 Trustee will suffer greater harm in the form of duplicative costs and effort if the stay is *not* granted.

**D.      Public interest**

18.      Defendants submit that a stay of proceedings is in the public interest inasmuch as it will save this Court from spending needless time and energy on this Adversary Proceeding should the District Court grant the Withdrawal Motion—time and energy that could otherwise have been spent on matters which involve substantive bankruptcy law. As the Defendants have demonstrated strong arguments in favor of the District Court withdrawing the reference, it would be a waste of judicial resources to consider this Adversary Proceeding any further until the District Court determines the Withdrawal Motion.

WHEREFORE, the Defendants respectfully request that this Court enter an order (1) staying the Adversary Proceeding with respect to the Counts in the Complaint lodged against the Defendants pending disposition of the Withdrawal Motion by the District Court; and (2) granting Defendants such further relief as the Court deems just and proper.

6

Dated: Wilmington, Delaware
      December 22, 2014

CLARK HILL PLC

*/s/ Karen M. Grivner*
Karen M. Grivner, Esquire (No. 4372)
824 N. Market Street
Suite 710
Wilmington, DE 19801
302-250-4750 (Phone)
302-421-9439 *(Fax)*
kgrivner@clarkhill.com

Joel D. Applebaum, Esquire
151 S. Old Woodward, Suite 200
Birmingham, Michigan 48009
248-988-5883 (Phone)
248-988-2503 (Fax)
japplebaum@clarkhill.com

and

Frank J. Guadagnino, Esquire
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
412-394-7776 (Phone)
412-394-2555 (Fax)
fguadagnino@clarkhill.com

*Counsel to Defendants MILK072011, LLC and Andrew Nikou*

7