# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 7 |
| GOLDEN GUERNSEY DAIRY, LLC, | Case No. 13-10044 (KG) |
| Debtor. | |
| CHARLES A. STANZIALE, JR, in his capacity as Chapter 7 Trustee of Golden Guernsey Dairy, LLC, | Adv. Pro. No. 14-50953(KG) |
| Plaintiff, | |
| v. | **Re: Adv. Doc. No. 10 & 38** |
| MILK072011, LLC, ANDREW NIKOU, BRAD PARKS, and THE UNITED STATES OF AMERICA through THE INTERNAL REVENUE SERVICE, | |
| Defendants. | |

## **MEMORANDUM OPINION**

MILK072011 ("MILK") and Andrew Nikou ("Nikou") have moved to dismiss a portion of the Complaint which Charles A. Stanziale, Jr. (the "Trustee") filed on behalf of the debtor, Golden Guernsey Dairy, LLC ("Debtor"). In a separate joinder, Brad Parks has also moved to dismiss the Complaint, in part.[1]

---

[1] The Court will refer to MILK, Nikou and Parks as the "Defendants."

## FACTS

Before the bankruptcy Debtor operated a dairy and milk processing facility in Wisconsin. Cplt. ¶ 6.[2] Debtor was wholly owned by MILK, of which Nikou was the manager. Nikou is also a former manager of Debtor. Cplt. ¶¶ 5, 6. Parks was the President of Debtor. Cplt. ¶ 15. Debtor is a limited liability company and operated in accordance with its operating agreement. Cplt. ¶ 14.

On January 5, 2013, Debtor ceased operating and filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on January 8, 2013. Cplt. ¶ 3. On January 3, 2014, the Wisconsin Department of Workforce Development (the "Wisconsin Department") filed an amended proof of claim on behalf of some of Debtor's former employees claiming damages for Debtor's alleged violation of the Wisconsin WARN Act. Cplt. ¶ 52. The claim asserts a priority claim of not less than $1.56 million. In addition, on September 17, 2012, the Debtor paid $47,000 to the Internal Revenue Service (the "IRS") which was for taxes which MILK owed the IRS, plus an estimated tax liability of $249. Cplt. ¶¶ 56, 58. The Trustee alleges that the payment was a fraudulent conveyance Cplt. ¶¶ 56-64.

## JURISDICTION AND VENUE

The Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334(b). The proceeding is core pursuant to 28 U.S.C. § 157(b)(2) and venue is proper pursuant to 28 U.S.C. § 1409(a).

---

[2] The facts recited in this Memorandum Opinion are taken from the Complaint. On a motion to dismiss, all well-pleaded facts are taken as true. *In re DVI, Inc.*, 326 B.R. 301 (Bankr. D. Del. 2005).

2

## DISCUSSION

The Defendants have moved to dismiss the First and Third Causes of Action. To survive a motion to dismiss, a plaintiff must go beyond "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Also, courts must accept all well-pleaded factual allegations as true but are not required to accept as true legal conclusions or conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 664-65 (2009).

In the case at hand, the difficulty is not with the factual allegations. They are clearly sufficient to state their claims. Instead, the issue is whether the alleged facts state valid legal claims.

## WARN ACT CLAIM

In the portion of the Complaint at issue, the Trustee has alleged breach of fiduciary duty claims against the Defendants who, in turn, argue that the Debtor, and therefore the Trustee, did not suffer harm from the WARN Act violation or the fraudulent transfer because the claim is a "deepening insolvency" claim, and such a claim is not recognized under Delaware law. In addition, the Defendants argue that the claim is, in fact, improperly brought on behalf of creditors.

The present case, as the Trustee alleges in the Complaint, is not one in which the Defendants made strategic errors. Instead, the Complaint alleges facts which, if true, represent misconduct on the part of Defendants. The situation is not, as in *Trenwick America Litig. Trust v. Ernst & Young, L.L.P.*, 906 A.2d 168 (Del. Ch. 206), *aff'd sub nom. Trenwick America Litig. Trust v. Billett*, 931 A.2d 438 (Del. Supr. 2007), one in which the

3

defendants made imprudent investments. Here, the Defendants acted in a way which, if established at trial, did, as alleged in the Complaint, breach their fiduciary duties. They maintained the Debtor's operations until the last moment, thereby exposing Debtor to the WARN Act claims. They never gave the requisite notice which may constitute a breach of their fiduciary duties. The Defendants ask, what damage did the Debtor suffer? The failure to provide the requisite WARN Act notices did not create Debtor's insolvency. The Complaint makes it abundantly clear that Debtor was insolvent beginning December 21, 2011. Cplt. ¶ 28. Debtor had insufficient assets to cover its liabilities prior to the alleged WARN Act violations. The Defendants argue that the fact that Debtor's liabilities grew from the WARN Act violation is unfortunate but does not give rise to a cause of action. They further insist that the potential harm is to the general unsecured creditors and that such creditors of a limited liability company do not have standing to bring suit for the breaches of fiduciary duty. The governing statute, 6 Del. C. ¶ 18-1002, limits derivative standing to sue for breaches of fiduciary duty to a "number or an assignee of a limited liability company interest. . . ." See also *CML V, LLC v. Bax*, 6 A.3d 238, 241-42 (Del. Ch. 2010), *aff'd*, 28 A.3d 1037, 1041-42 (Del. Supr. 2011). They ask the Court to dismiss the First Cause of Action of the Complaint.

The Court is satisfied that the Defendants are wrong on their statement of the law. The Trustee in this Chapter 7 proceeding is "the sole representative of the estate with the authority to sue and be sued." *In re USDigital*, 443 B.R. 22, 43 (Bankr. D. Del. 2011). The Trustee is charged with pursuing the estate's interests. *Claybrook v. Morris* (*In re Scott Acquisition Corp.*), 344 B.R. 283, 290-91 (Bankr. D. Del 2006). This is true whether the

claims are direct or derivative in nature. *See Brandt v. Hicks, Muse & Co., Inc.* (*In re Healthco Int'l, Inc.*), 208 B.R. 288 (Bankr. D. Mass. 1997), where the court aptly stated:

> The Trustee contends the defendants breached their fiduciary duties owed to Healthco. Any Healthco claim is an interest in property which passed to the bankruptcy estate. The Trustee can bring any suit Healthco could have brought, including suits against directors and controlling shareholders for breach of fiduciary duty. In complaining that directors authorized a transaction that unduly weakened Healthco, the Trustee is not asserting the claim of creditors. He alleges Healthco was the victim of poor management causing damage to the corporation which necessarily resulted in damage to its creditors by diminishing the value of its assets and increasing its liabilities.

*Id.* at 300.

Here, the Trustee alleges that the Defendants ignored their responsibility to give an appropriate notice or notices to Debtor's employees and thereby exposed Debtor to the WARN Act claim. Delaware law has long recognized that directors – or in the case of a limited liability company, its controlling owner, manager and President – owe a fiduciary duty to the company they serve. A breach of the duty of loyalty may be found when the fiduciary has failed to act in good faith. *Stone v. Ritter*, 911 A. 2d 362, 370 (Del. Supr. 2006). "Where directors fail to act in the face of a known duty to act, demonstrating a conscious disregard for their responsibilities, they breach their duty of loyalty by failing to discharge that fiduciary obligation in good faith." *In re Bridgeport Holdings, Inc.*, 388 B.R. 548, 564 (Bankr. D. Del 2008).

The Complaint alleges facts that support a finding that the Defendants breached their fiduciary duties to Debtor. Accordingly, the motion to dismiss must be denied.

**FRAUDULENT CONVEYANCE CLAIM**

The Third Cause of action of the Complaint is for breaches of fiduciary duties by Defendants for the $47,000 fraudulent transfer. It is clear to the Court that this claim is one which the Trustee has standing to bring. For the reasons the Court discusses in the WARN Act Claim section, the motions to dismiss are denied.

**CONCLUSION**

The Court has concluded that it must deny the motions to dismiss for the foregoing reasons. The Court will issue an appropriate Order.

Dated: September 21, 2015                    _____
                                              KEVIN GROSS, U.S.B.J.